UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUANE L. BERRY,<br><br>       Plaintiff,<br><br>  -against-<br><br>UNITED STATES DEPARTMENT OF THE TREASURY; SEIZED FEDERAL SECURITIES,<br><br>       Defendants. | 21-CV-1377 (LLS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who is a prisoner in Federal Medical Center, Butner, located in Butner, North Carolina, filed this action *pro se*. Plaintiff has not prepaid the filing fees for this action or filed an application to proceed *in forma pauperis* (IFP). On March 1, 2021, the Court (1) assumed that Plaintiff was seeking IFP status, (2) noted that while Plaintiff was a prisoner, he had filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim, and (3) ordered Plaintiff, within thirty days, to show cause by declaration why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner.

  Plaintiff failed to file a declaration within the time allowed. Plaintiff did, however, file a notice of appearance (ECF No. 4), an "order and warrant for arrest in rem" (ECF No. 5), a request for issuance of a summons (ECF No. 6), a request for issuance of a subpoena (ECF No. 7), and a notice of appeal (ECF No. 8). Plaintiff then filed another "order and warrant for arrest in rem" (ECF No. 9), and a duplicate notice of appeal (ECF No. 10). By Mandate issued on July 7, 2021, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal

for his failure to pay the filing fees or move for IFP status. *See Berry v. United States Treasury*, No. 21-783 (2d Cir. July 7, 2021).

## CONCLUSION

The Court finds that while Plaintiff was a prisoner, he filed three or more actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff is therefore barred from filing future actions IFP in this Court while he is a prisoner unless he is under imminent threat of serious physical injury. The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the Prison Litigation Reform Act's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: July 7, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff may commence a new federal civil action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).